UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SCOTTSDALE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                       Case No.  8:06-cv-1404-T-30EAJ

**MARKET FINDERS INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Third Party Defendant's, Gallagher Health Insurance Services f/k/a Health Insurance Services (**"Gallagher"**), Motion to Dismiss (Dkt. 41).  Gallagher moves to dismiss Defendant Market Finders Insurance Company's (**"Market Finders"**) Amended Third Party Complaint.  Market Finders has failed to respond in the requisite time period.  Accordingly, this Court will consider Defendant's Motion without benefit of a response.

### Background

The Plaintiff in this lawsuit, Scottsdale Insurance Company (**"Scottsdale"**) has sued Market Finders, seeking indemnification for damages resulting from Market Finder's alleged breach of a General Agency Agreement between Scottsdale and Market Finders.  Plaintiff's lawsuit arises out of events relating to its sale of an insurance policy to Florida Medical Clinic.  Market Finders acted as the broker for Scottsdale and Gallagher acted as the broker

for Florida Medical Clinic in connection with the sale.  Upon learning that Florida Medical Clinic had allegedly misrepresented or failed to disclose its complete loss history on its application for the policy, Scottsdale ordered Market Finders to cancel the policy.  Market Finders delivered a cancellation notice to Florida Medical Clinic, indicating that the policy was being cancelled for "underwriting reasons."

Following cancellation of the policy, Florida Medical Clinic filed suit against Scottsdale in state court seeking declaratory judgment of its rights under the policy.  Florida Medical Clinic was awarded a $433,538.72 judgment against Scottsdale.  The state court judge, the Honorable Perry A. Little, ruled that the cancellation of the policy for "underwriting reasons" was invalid and found that "the undisputed material facts constituted a waiver and estoppel" of Scottsdale from asserting that the policy "was void ab initio pursuant to Florida Statute §627.409."[1]  Florida Statute §627.409 authorizes the voiding of insurance policies due to material misrepresentations or omissions.

As a result of the judgment, Scottsdale filed the instant action for indemnification against Market Finders, alleging that its loss was due to Market Finders' failure to adhere to the agreed upon underwriting rules, instructions, and regulations, and as a result of its failed

---

[1] See Order Granting Plaintiff's Motion For Summary Judgment as to Defendant's Fourth Affirmative Defense and to Defendant's Counterclaim (Declaratory Action) and Final Summary Judgment, Honorable Perry A. Little, November 10, 2004, attached as Exhibit "B" to Scottsdale's Complaint.  Judge Little's Order was affirmed on appeal.  Scottsdale Ins. Co. v. Florida Medical Clinic, P.A., 922 So.2d 209 (Fla. 2d DCA 2005).

cancellation of the policy.[2]  Market Finders seeks contribution from Gallagher should Scottsdale prevail on this claim and alleges that Gallagher had a joint obligation to present accurate loss information to Scottsdale.  Market Finders argues that Gallagher's failure to provide accurate loss information to both Scottsdale and Market Finders ultimately caused the cancellation of the policy.

## Standard of Review

At the motion to dismiss stage, this Court must view the Complaint in the light most favorable to Plaintiff and construe all allegations in the Complaint as true.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that a plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent."  Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983).  However, a plaintiff must do more than merely "label" his claims.  Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla.1996).

## Discussion

In its Motion to Dismiss, Gallagher argues that the Amended Third Party Complaint should be dismissed because it was filed long after the deadline established by this Court for

---

[2] The cancellation notice indicated that the policy was being cancelled due to "underwriting reasons" rather than for "misrepresentations."

amending the complaint had expired. Further, Gallagher argues that the Amended Third Party Complaint should be dismissed because it fails to state a cause of action for contribution. The Court agrees with both of these arguments.

First of all, the Court agrees that the amendment was not timely filed. The Court dismissed Market Finder's Third Party Complaint without prejudice on March 7, 2007, allowing twenty days for Market Finders to amend its complaint. Market Finders filed its Amended Third Party Complaint on April 25, 2007, well after the Court's deadline had expired. Thus, the Amended Third Party Complaint should be dismissed as untimely.

Second, Scottsdale's Complaint in this action contains a single count for indemnification under the General Agency Agreement between Scottsdale and Market Finders. Despite Market Finders' references to Gallagher as a "joint tortfeasor," there is no underlying tort claim brought by Scottsdale against Market Finders. Because Market Finders was sued under a contract theory, the Uniform Contribution Among Tortfeasor's Act does not apply. See Helmet House Corp. v. Stoddard, 861 So. 2d 1178, 1179 (Fla. 4th DCA 2003). As a result, the court must consider whether Market Finder's claim may proceed under a "common obligation theory." See id.

As noted by the Eleventh Circuit, the doctrine of equitable contribution under Florida law "attempts to distribute equally among those who have a common obligation, the burden of performing that obligation." Nova Information Systems v. Greenwich Ins. Co., 365 F.3d 996, 1006 (11th Cir. 2004) (citing Fletcher v. Anderson, 616 So. 2d 1201, 1202 (Fla. 2d DCA 1993)). In the instant action, Gallagher was not a party to the General Agency

Agreement and had no obligation to adhere to the terms of the agreement. Furthermore, Market Finders, not Gallagher, was responsible for cancelling the policy on behalf of Scottsdale. Any deficiency in the cancellation notice cannot be attributed to Gallagher. Because Gallagher was neither a party to the General Agency Agreement nor responsible for the cancellation notice, the Court concludes that Gallagher did not share a common obligation with Market Finders. Accordingly, Gallagher's Motion to Dismiss should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Gallagher's Motion to Dismiss (Dkt. 41) is **GRANTED.**

2. The Amended Third Party Complaint (Dkt. 39) is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2007.

                                                         _____
                                                         JAMES S. MOODY, JR.
                                                         UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1404.mtd.frm